UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

S<small>AMUEL</small> E<small>UGENE</small> C<small>ALHOUN</small>,

    Petitioner,      Case No. 1:21-cv-35

v.              Honorable Janet T. Neff

D<small>ARRELL</small> S<small>TEWARD</small>,

    Respondent.
_____/

## **AMENDED OPINION**

This is a habeas corpus action brought by a state prisoner under 28 U.S.C. § 2241.[1] Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Cases; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). After

---

[1] Although Petitioner brings his action under 28 U.S.C. § 2241, habeas corpus actions brought by "a person in custody pursuant to the judgment of a State court" are governed by 28 U.S.C. § 2254. *Id.* Section 2254 "'allows state prisoners to collaterally attack either the imposition *or* the execution of their sentences[.]'" *Bailey v. Wainwright*, 951 F.3d 343, 348 (6th Cir. 2020) (Stranch, J., dissenting) (quoting *Allen v. White*, 185 F. App'x 487, 490 (6th Cir. 2006)); *see also Rittenberry v. Morgan*, 468 F.3d 331, 336-37 (6th Cir. 2006). As a consequence, Petitioner's filing is subject to all of the requirements that apply to a petition filed under § 2254. Moreover, § 2241 petitions by state prisoners are subject to the rules governing § 2254 petitions. *See* Rule 1(b), Rules Governing § 2254 Cases.

undertaking the review required by Rule 4, the Court will dismiss the petition without prejudice for failure to exhaust available state-court remedies.

## Discussion

**I.**     **Factual allegations**

Petitioner Samuel Eugene Calhoun is incarcerated with the Michigan Department of Corrections (MDOC) at the Earnest C. Brooks Correctional Facility in Muskegon Heights, Michigan.  Petitioner is serving a life sentence imposed by the Berrien County Circuit Court following Petitioner's July 27, 2001, jury conviction for first-degree criminal sexual conduct.  Petitioner impregnated his 14-year-old stepdaughter.  Petitioner appealed his convictions in the Michigan Court of Appeals and the Supreme Court, to no avail.  Petitioner then filed a motion for relief from judgment and, after the trial court denied that motion, he pursued appeals to the Michigan Court of Appeals and the Michigan Supreme Court, again to no avail.

Petitioner then filed a habeas corpus petition in this court.  By judgment entered September 25, 2014, the Court denied habeas relief on the merits.  Petitioner appealed, to no avail.  Petitioner has since thrice sought permission from the Sixth Circuit Court of Appeals to file a second or successive petition.  That court denied relief each time, most recently on December 18, 2020.

On May 29, 2020, Petitioner filed a habeas petition under 28 U.S.C. § 2241 in the United States District Court for the Eastern District of Michigan asking the court to release him because the risk of infection with COVID-19 rendered his continued incarceration unconstitutional.  The petition was transferred to this Court and, on July 15, 2020, the Court dismissed the petition because Petitioner had failed to exhaust his state court remedies.

On December 30, 2020, Petitioner filed the instant habeas petition under 28 U.S.C. § 2241.  Despite having filed two previous habeas petitions in the federal courts, Petitioner states:

2

"Samuel Calhoun has not filed any previous Petition for Writ of Habeas Corpus in this or any other federal district court." (Pet., ECF No. 1, PageID.2.)

This petition varies from Petitioner's May 29, 2020, petition in two significant respects.  First, in mid-August, Petitioner contracted COVID-19.  The risk that Petitioner now contends renders his continued incarceration unconstitutional is not the risk of infection, but the risk of reinfection.  Second, Petitioner filed an original habeas action in the Michigan Court of Appeals on September 4, 2020.  By order entered December 10, 2020, that court denied Petitioner's habeas corpus complaint. (Mich. Ct. App. Order, ECF No. 2-4, PageID.63) ("The complaint for habeas corpus is DENIED.").

The present petition alleges that the risk of reinfection arising from the COVID-19 pandemic[2] renders Petitioner's continued imprisonment a violation of Petitioner's Eighth and Fourteenth Amendment rights. (Pet., ECF No. 1, PageID.2.)  Petitioner seeks immediate but temporary release. (*Id*.)

## II.     Availability of § 2254 relief for unconstitutional conditions of confinement

Petitioner's request for relief is not a typical habeas claim.  The Supreme Court has made clear that constitutional challenges to the fact or duration of confinement are the proper subject of a habeas corpus petition rather than a complaint under 42 U.S.C. § 1983.  *Preiser v. Rodriguez*, 411 U.S. 475, 499 (1973).  Constitutional challenges to the conditions of confinement, on the other hand, are proper subjects for relief under 42 U.S.C. § 1983.  *Id*.  The *Preiser* Court,

---

[2] In *Wilson v. Williams*, 961 F.3d 829 (6th Cir. 2020), the Sixth Circuit described the COVID-19 problem as follows:

> The COVID-19 virus is highly infectious and can be transmitted easily from person to person. COVID-19 fatality rates increase with age and underlying health conditions such as cardiovascular disease, respiratory disease, diabetes, and immune compromise.  If contracted, COVID-19 can cause severe complications or death.

*Wilson*, 961 F.3d at 833.

however, did not foreclose the possibility that habeas relief might be available even for conditions of confinement claims:

> This is not to say that habeas corpus may not also be available to challenge such prison conditions. *See Johnson v. Avery*, 393 U.S. 483, (1969); *Wilwording v. Swenson, supra*, at 251 of 404 U.S. . . . When a prisoner is put under additional and unconstitutional restraints during his lawful custody, it is arguable that habeas corpus will lie to remove the restraints making the custody illegal. *See* Note, Developments in the Law—Habeas Corpus, 83 Harv. L. Rev. 1038, 1084 (1970).[]

*Preiser*, 411 U.S. at 499 (footnote omitted). But, the Court has also never upheld a "conditions of confinement" habeas claim. Indeed, in *Muhammad v. Close*, 540 U.S. 749 (2004), the Court acknowledged that it had "never followed the speculation in *Preiser* . . . that such a prisoner subject to 'additional and unconstitutional restraints' might have a habeas claim independent of § 1983 . . . ." *Id.* at 751 n.1.

The Sixth Circuit has concluded that claims regarding conditions of confinement are properly brought under § 1983 and are not cognizable on habeas review. *See Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004) ("'Petitioner in this case appears to be asserting the violation of a right secured by the federal Constitution or laws by state prison officials. Such a claim is properly brought pursuant to 42 U.S.C. § 1983.'"); *In re Owens*, 525 F. App'x 287, 290 (6th Cir. 2013) ("The criteria to which Owens refers involves the conditions of his confinement . . . . This is not the proper execution of sentence claim that may be pursued in a § 2254 petition."); *Hodges v. Bell*, 170 F. App'x 389, 392–93 (6th Cir. 2006) ("Hodges's complaints about the conditions of his confinement . . . are a proper subject for a § 1983 action, but fall outside of the cognizable core of habeas corpus relief."); *Young v. Martin*, 83 F. App'x 107, 109 (6th Cir. 2003) ("It is clear under current law that a prisoner complaining about the conditions of his confinement should bring suit under 42 U.S.C. § 1983.").

Petitioner's claims challenging the constitutionality of his custody due to risks posed by COVID-19 appear on their face to be claims regarding the conditions of his confinement. Such claims should be raised, typically, by a complaint for violation of 42 U.S.C. § 1983.

Nonetheless, Petitioner requests release from custody. That relief is available only upon habeas corpus review. "The Supreme Court has held that release from confinement—the remedy petitioner[] seek[s] here—is 'the heart of habeas corpus.'" *Wilson*, 961 F.3d at 838 (quoting *Preiser,* 411 U.S. at 498).[3] A challenge to the fact or duration of confinement should be brought as a petition for habeas corpus and is not the proper subject of a civil rights action brought pursuant to § 1983. *See Preiser*, 411 U.S. at 484 (the essence of habeas corpus is an attack by a person in custody upon the legality of that custody and the traditional function of the writ is to secure release from illegal custody).

In *Wilson*, the Sixth Circuit stated: "Our precedent supports the conclusion that where a petitioner claims that no set of conditions would be constitutionally sufficient the claim should be construed as challenging the fact or extent, rather than the conditions, of the confinement." *Wilson*, 961 F.3d at 838. Petitioner, like the petitioners in *Wilson*, contends there are no conditions of confinement sufficient to prevent irreparable injury at the facility where he is housed. Accordingly, the Court construes his claim as a proper claim for habeas relief. The Court notes, however, that the claim raised by Petitioner now is not necessarily similar to the claim raised in his first COVID-related petition or by the *Wilson* petitioners.

Whether or not the risk of COVID-19 reinfection is sufficiently high or the resulting illness sufficiently dire to warrant release as a remedy is not readily apparent. The federal courts

---

[3] The *Wilson* petitioners were federal prison inmates who brought habeas claims under 28 U.S.C. § 2241 similar to those claims brought by Petitioner in his first COVID-related habeas petition.

5

have addressed the issue frequently with regard to the prospect of compassionate release for federal prisoners. For example, on February 17, 2021, in *United States v. D-2 Eric Jerome Powell*, No. 2:12-cr-20052-2, 2021 WL 613233, (E.D. Mich. Feb. 17, 2021), the court reasoned:

> [T]he Court does not find Defendant's arguments persuasive because Defendant already contracted the COVID-19 virus and recovered quickly. *Id*. at 12420. Although Defendant claimed that he is now "suffering the consequences of being infected[,]" Defendant presented no medical records that show any lingering health consequences. *See id.* To the contrary, Defendant has exhibited no complications from COVID-19. ECF 850-1, PgID 12436; ECF 856-1, PgID 12771–801, 12829 (under seal).
>
> At any rate, the Court has extensively reviewed the existing scientific literature and finds that the scientific consensus does not support Defendant's COVID-19 concerns. *See Elias*, 984 F.3d at 521 (holding that a district court did not abuse its discretion when it relied on scientific journals to determine that a defendant did not have a heightened risk of complications from COVID-19). For example, research from the National Institutes of Health ("NIH") has explained that 95% of individuals who recover from COVID-19 have up to eight months immunity to the virus. *See Lasting Immunity Found After Recovery From COVID-19*, NIH, (Jan. 26, 2021), https://bit.ly/3rjf10Y, [https://perma.cc/ZC54-APZ7]. Likewise, other cases in the Eastern District of Michigan have reviewed the scientific literature and found that an inmate's extremely low risk of a COVID-19 reinfection is not an extraordinary and compelling reason warranting release under the First Step Act. *See United States v. Mungarro*, No. 07-20076, 2020 WL 6557972, at *3 (E.D. Mich. Nov. 9, 2020) (Cleland, J.); *United States v. Lawrence*, No. 17-20259, 2020 WL 5944463, at *2 (E.D. Mich. Oct. 7, 2020) (Roberts, J.) (collecting cases). The Court therefore does not find that Defendant's concerns about COVID-19 are extraordinary and compelling to warrant release.

*Powell*, at *3. Dozens of federal courts have wrestled with this issue. Their conclusions are not uniform. *See, e.g., United States v. Secchiaroli*, 17-CR-179-RJA, 2021 WL 614632, at *6 (W.D.N.Y. Feb. 17, 2021) (court granted compassionate release where "it is conceivable that he could be re-infected and experience a severe case of COVID-19."). But it appears that most courts have concluded that the risks from reinfection do not create extraordinary and compelling circumstances that warrant compassionate release. That does not dictate a result in Petitioner's case; it merely illustrates a potential difference between the circumstances that prompted consideration of habeas relief in *Wilson* and the circumstances present here.

6

Nonetheless, because Petitioner has chosen to pursue relief by way of a habeas petition, the available relief is circumscribed. *Wilson*, 961 F.3d at 837. Even if there might be conditions of confinement, short of release, that would mitigate the risk—and eliminate the conditions that Petitioner claims violate his due process rights—it is not within this Court's habeas jurisdiction to grant such relief. *Id*. A claim seeking relief other than release is properly brought under 42 U.S.C. § 1983.

### III. Exhaustion of State Court Remedies

Before the Court may grant habeas relief to a state prisoner, the prisoner must exhaust remedies available in the state courts. 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). Exhaustion requires a petitioner to "fairly present" federal claims so that state courts have a "fair opportunity" to apply controlling legal principles to the facts bearing upon a petitioner's constitutional claim. *Id.* at 844, 848; *see also Picard v. Connor*, 404 U.S. 270, 275-77 (1971); *Duncan v. Henry*, 513 U.S. 364, 365 (1995); *Anderson v. Harless*, 459 U.S. 4, 6 (1982). To fulfill the exhaustion requirement, a petitioner must have fairly presented his federal claims to all levels of the state appellate system, including the state's highest court. *O'Sullivan*, 526 U.S. at 845; *Wagner v. Smith*, 581 F.3d 410, 414 (6th Cir. 2009); *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). The district court can and must raise the exhaustion issue *sua sponte* when it clearly appears that habeas claims have not been presented to the state courts. *See Prather v. Rees*, 822 F.2d 1418, 1422 (6th Cir. 1987); *Allen v. Perini*, 424 F.2d 134, 138-39 (6th Cir. 1970).

Fair presentation has a substantive component and a procedural component. With regard to substance, fair presentation is achieved by presenting the asserted claims in a constitutional context through citation to the Constitution, federal decisions using constitutional analysis, or state decisions which employ constitutional analysis in a similar fact pattern. *Levine v. Torvik*, 986 F. 2d 1506, 1516 (6th Cir. 1993); *see also Picard*, 404 U.S. at 277–78. With regard

7

to procedure, "[t]he fair presentation requirement is not satisfied when a claim is presented in a state court in a procedurally inappropriate manner that renders consideration of its merits unlikely." *Black v. Ashley*, No. 95-6184, 1996 WL 266421, at *1 (6th Cir. May 17, 1996) (citing *Castille v. Peoples*, 489 U.S. 346, 351 (1998) ("[W]here the claim has been presented for the first and only time in a procedural context in which its merits will not be considered unless 'there are special and important reasons therefor,' . . . does not, for the relevant purpose, constitute 'fair presentation.'")); *see also Long v. Sparkman*, No. 95-5827, 1996 WL 196263, at *2 (6th Cir. Apr. 22, 1996); *Fuller v. McAninch*, No. 95-4312, 1996 WL 469156, at *2 (6th Cir. Aug. 16, 1996).

Petitioner was well-aware of the need to fairly present his COVID-related habeas claims to all three levels of the state court system before those claims could be heard by this Court. The Court so advised Petitioner when it dismissed his initial COVID-related habeas petition. Nonetheless, Petitioner started his effort to exhaust available state remedies at the Michigan Court of Appeals. That choice was not only inconsistent with this Court's statements regarding the exhaustion requirement, it was procedurally inappropriate under Michigan law.

Michigan Court Rule 3.303(A)(2) provides that a habeas corpus action "must be brought in the county in which the prisoner is detained." If there is no judge empowered and available to issue the writ there, or if that court has refused to issue the writ, "the action may be brought in the Court of Appeals." Mich. Ct. R. 3.303(A)(2). The procedurally appropriate place to bring Petitioner's habeas petition is in the Muskegon County Circuit Court. *See Moses v. Dep't of Corr.,* 736 N.W.2d 269, 484 (Mich. Ct. App. 2007); *Kato v. Dep't of Corr.*, 932 N.W.2d 961 (Mich. 2019) (Cavanagh J. concurring) ("[R]eading the two rules[, Mich. Ct. R. 3.303(A)(2) and Mich. Ct. R. 7.203(C)(3),] together, it appears the Court of Appeals may only 'entertain' an action for habeas corpus if the action was first 'brought' in the county in which the prisoner is detained—

8

presumably in circuit court."). Petitioner's procedurally inappropriate presentation of his COVID-related habeas claims to the Michigan Court of Appeals, therefore, did not suffice to exhaust his remedies in the state courts.

An applicant has not exhausted available state remedies if he has the right under state law to raise, by any available procedure, the question presented. 28 U.S.C. § 2254(c). This Court identified three possible means of exhausting state remedies when it dismissed Petitioner's initial COVID-related habeas petition: a motion for relief from judgment under Mich. Comp. Laws § 6.500 et seq., a habeas corpus petition, or a civil action. It does not appear that any of these options has been foreclosed by Petitioner's first state habeas petition. Therefore, the Court concludes that he has at least one available state remedy.

To properly exhaust his claim, Petitioner must present his claim to each level of the state court system. *O'Sullivan,* 526 U.S. at 845; *Hafley,* 902 F.2d at 483 ("'[P]etitioner cannot be deemed to have exhausted his state court remedies as required by 28 U.S.C. § 2254(b) and (c) as to any issue, unless he has presented that issue both to the Michigan Court of Appeals and to the Michigan Supreme Court.'") (citation omitted).

It appears that Petitioner has again turned to this Court, either instead of, or in addition to, the state court, because his situation is urgent. Petitioner does not explain why this Court can act on his urgent claim but the state court cannot. Indeed, the state, as the sovereign holding Petitioner in custody, is best suited to make the initial determination of whether that custody is constitutional. As the Supreme Court repeatedly has recognized, the entire habeas exhaustion requirement "reflects a policy of federal-state comity"—an accommodation to our federal system—in which the state should have "an initial opportunity to pass upon and correct

9

alleged violations of its prisoners' federal rights." *Picard*, 404 U.S. at 275 (internal quotations omitted); *accord, O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999).

The habeas statute requires Petitioner to air the claims in the state court first, 28 U.S.C. § 2254, and Petitioner has failed to show that the delay inherent in that requirement renders the state court remedy futile. Accordingly, the Court concludes that Petitioner has failed to demonstrate a justification that warrants excusing the exhaustion requirement here.

Because Petitioner has failed to exhaust his claims, his petition is properly dismissed without prejudice. The habeas statute imposes a one-year statute of limitations on habeas claims. *See* 28 U.S.C. § 2244(d)(1). Petitioner's period of limitation commenced running when "the factual predicate of his claim . . . could have been discovered through the exercise of reasonable diligence." 28 U.S.C. §2244(d)(1)(D). Petitioner could not have discovered the risk of COVID-19 infection at all before March of 2020, the risk of infection in his facility until July of 2020, or the risk of reinfection—which is the risk at issue in this petition—until even more recently. Certainly, Petitioner could not have known of the risk of COVID-19 reinfection at his facility until after he had recovered from the illness in the first instance.

The limitations period is not tolled during the pendency of a federal habeas petition. *Duncan v. Walker*, 533 U.S. 167, 181–82 (2001). However, the period is tolled while an application for state post-conviction or collateral review of a claim is pending. 28 U.S.C. § 2244(d)(2). The statute of limitations is tolled from the filing of an application for state post-conviction or other collateral relief until a decision is issued by the state supreme court. *Lawrence v. Florida*, 549 U.S. 327 (2007). Therefore, Petitioner's period of limitation was tolled from September 4, 2020—the date he filed his habeas petition—until, at least, December 10, 2020—the date the court of appeals denied relief. Moreover, the period of limitation will also be tolled while

10

Petitioner's forthcoming pursuit of his state court remedy to fulfill the exhaustion requirement is pending.

In *Palmer v. Carlton*, 276 F.3d 777 (6th Cir. 2002), the Sixth Circuit considered what action the court should take if the dismissal of a petition for failure to exhaust could jeopardize the timeliness of a subsequent petition.[4] The *Palmer* court concluded that if the petitioner had more than 60 days remaining in the period of limitation—30 days to raise his unexhausted claims and 30 days after exhaustion to return to the court—no additional protection, such as a stay, was warranted. *Id.*; *see also Rhines v. Weber*, 544 U.S. 269, 277 (2007) (approving stay-and-abeyance procedure); *Griffin v. Rogers*, 308 F.3d 647, 652 n.1 (6th Cir. 2002).

Petitioner has far more than sixty days remaining in his limitations period. Assuming that Petitioner diligently pursues his state-court remedies and promptly returns to this Court after the Michigan Supreme Court issues its decision, he is not in danger of running afoul of the statute of limitations. Therefore, a stay of these proceedings is not warranted, and the Court will dismiss the petition for failure to exhaust available state-court remedies.

## IV.   Certificate of Appealability

Under 28 U.S.C. § 2253(c)(2), the Court must also determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001) (per curiam). Rather, the district

---

[4] The *Palmer* court considered the issue in the context of a "mixed" petition including exhausted and unexhausted claims. The *Palmer* court's explanation of when dismissal of a petition does not jeopardize the timeliness of a subsequent petition, however, is persuasive even where the petition includes only unexhausted claims.

court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.*

The Court has concluded that Petitioner's application is properly denied for lack of exhaustion. Under *Slack v. McDaniel*, 529 U.S. 473, 484 (2000), when a habeas petition is denied on procedural grounds, a certificate of appealability may issue only "when the prisoner shows, at least, [1] that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and [2] that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Both showings must be made to warrant the grant of a certificate. *Id*.

The Court finds that reasonable jurists could not find it debatable whether Petitioner's application should be dismissed for lack of exhaustion. Therefore, a certificate of appealability will be denied. Moreover, for the same reasons the Court will deny a certificate of appealability, the Court also concludes that any issue Petitioner might raise on appeal would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

## Conclusion

The Court will enter an order and judgment dismissing the petition for failure to exhaust state-court remedies and denying a certificate of appealability.

Dated:  March 1, 2021                         /s/ Janet T. Neff
                                                                         Janet T. Neff
                                                                        United States District Judge